IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLIN B. HARPER IV <br><br> Plaintiff, <br><br> v. <br><br> TRANS UNION LLC <br> and <br> EQUIFAX INFORMATION SERVICES, LLC <br> and <br> MIDLAND FUNDING LLC <br> and <br> MIDLAND CREDIT MANAGEMENT, INC. <br><br> Defendants. | Civil Action No. |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Franklin B. Harper IV, against Trans Union LLC, Equifax Information Services, Midland Funding LLC, and Midland Credit Management Inc., (collectively "Defendants"), for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereafter the "FDCPA").

### THE PARTIES

2. Plaintiff Franklin B. Harper IV is an adult individual residing at 6405 Muirfield Drive, Greensboro, NC 27410.

3.  Defendant, Trans Union, LLC (hereafter "Trans Union"), is a business entity which regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

4.  Defendant, Equifax Information Services, LLC (hereafter "Equifax") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principle place of business at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

5.  Defendant Midland Funding LLC, (hereafter "MF") is a business entity with its principal office located at 8875 Aero Drive, Suite 200, San Diego, CA 92123. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

6.  Defendant Midland Credit Management, Inc., (hereafter "MCM") is a business entity with its principal office located at 8875 Aero Drive, Suite 200, San Diego, CA 92123. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## JURISDICTION & VENUE

7.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

8.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

9.  Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least October 2012 through the present.

10. The inaccurate information includes, but is not limited to, accounts with GECRB/Walmart; Midland Funding LLC; Midland Credit Management, Inc.; Bank of America; CBUSA/Sears; Chase Bank USA NA; Verizon FL and personal identifying information

11. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff. Due to Defendant's faulty procedures, Defendants mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

12. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown. Defendants have repeatedly published and disseminated consumer reports to such third parties from at least October 2012 through the present.

13. Plaintiff has disputed the inaccurate information with Defendants by both oral and written communications to their representatives and by following Equifax and Trans Union's established procedures for disputing consumer credit information.

14. Plaintiff has disputed the inaccurate information with Equifax and Trans Union from October 2012, through the present.

15. Notwithstanding Plaintiff's efforts, Equifax and Trans Union have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Equifax and Trans Union continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Equifax and Trans Union have

repeatedly published and disseminated consumer reports to such third parties from at least October 2012, through the present.

16. Despite Plaintiff's efforts, Equifax and Trans Union have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

17. Notwithstanding Plaintiff's disputes, MF and MCM have also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, have willfully continued to report such inaccurate information to various credit reporting agencies, and have failed to mark the above accounts as disputed.

18. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

19. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

20. Further, Defendant MCM was hired by MF to collect a debt relating to an account with GECRB/Walmart (hereafter the "debt").

21. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

22. On or about August 11, 2012, MF and MCM began calling Plaintiff at his place of residence in an attempt coerce payment of the debt, with the intent to annoy, abuse, or harass such persons contacted. During this conversation, Plaintiff advised MF and MCM that the debt belonged to his father who has the same name as Plaintiff. Plaintiff requested that MF and MCM not call him any further regarding the debt and instead call his father. In response, MF and MCM's representative threatened Plaintiff that if he did not start making payments, MF and MCM would bring a lawsuit against him.

23. Notwithstanding the above, on or about August 15, 2012, MF and MCM began calling Plaintiff at his place of employment in an attempt coerce payment of the debt, with the intent to annoy, abuse, or harass such persons contacted. MF and MCM called Plaintiff at his place of employment a second time on September 9, 2012. During this conversation Plaintiff told MF and MCM that his employer did not permit him to receive personal calls at work and that such calls were inconvenient to him. Plaintiff further asked MF and MCM not to call him at work again. Despite being told not to call Plaintiff at work, MF and MCM called Plaintiff again on September 14, 2012 and continued to call him at his place of employment with the intent to annoy, abuse and harass Plaintiff.

24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### COUNT I – EQUIFAX AND TRANS UNION
### VIOLATIONS OF THE FCRA

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. At all times pertinent hereto, Equifax and Trans Union were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

28. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

29. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

30. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax and Trans Union are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

31. The conduct of Equifax and Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax and Trans Union are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT II – MF AND MCM

**VIOLATIONS OF THE FCRA**

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. At all times pertinent hereto MF and MCM were "persons" as that term defined by 15 U.S.C. § 1681a(b).

34. MF and MCM violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

35. MF and MCM's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result MF and MCM are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

**COUNT III – MF and MCM**
**VIOLATIONS OF THE FDCPA**

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. Defendants MF and MCM, are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

38. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

39. The reporting of the inaccurate information to credit reporting agencies by Defendants MF and MCM are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

40. Defendants MF and MCM violated the FDCPA. Defendants MF and MCM's, violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(a)(3), 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

(a) Communicating with the Plaintiff at her place of employment when the Defendants knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communications;

(b) The false representation of the amount, character or legal status of a debt;

(c) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(d) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

(e) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

41. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

## JURY TRIAL DEMAND

37. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

  (b) Statutory damages;

  (c) Punitive damages;

  (d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and §1692k(a)(3);

  (e) Such other and further relief as may be necessary, just and proper.

        Respectfully Submitted,

        **FRANCIS & MAILMAN, P.C.**

     BY: */s/ Mark Mailman*
        MARK MAILMAN, ESQUIRE
        GeEOFFREY H. BASKERVILLE, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

Dated: December 10, 2012    Attorneys for Plaintiff